GUMERSINDA RAMOS, Petitioner, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1240. Submitted March 1, 1949.—Decided March 24, 1949.

*Andrés Mena* for petitioner. The Registrar appeared by brief. *Rafael R. Fuertes, Félix Bello,* and *A. Sandín del Manzano,* for Planning Board, as *amici curiae.*

Mr. Justice Marrero delivered the opinion of the Court.

Upon presentation in the Registry of Property of Caguas of a certified copy of the ordinance of the Municipal Assembly of Gurabo ratifying on October 24, 1944, the grant of the usufruct of a lot having a frontage of 10.40 meters and a depth of 9.40 meters, situated in said municipality, in favor of Gumersinda Ramos, the registrar of property refused to record the same and entered instead a cautionary notice for 120 days. The Registrar based his ruling on the ground that "as the segregation of a lot with an area of less than 5 acres (*cuerdas*) was involved the requirement of presenting the corresponding certificate issued by the Planning Board of Puerto Rico, approving the segregation of the lot involved in said document, pursuant to the provisions of § 1 of the Regulations of said Board, had not been complied with." The said certified copy of the ordinance was accompanied with another document subscribed by Miguel González in his capacity as Mayor of the Municipality of Gurabo in which said officer certified "that according to the records on file in the archives of this municipality Doña Gumersinda Ramos . . . has been gratuitously holding in usufruct since the year nineteen hundred and thirty-eight the following lot: (the lot referred to in the ordinance is described herein)."

Now she has filed in this Court an administrative appeal from the denial of the Registrar. She contends that she has been in possession of the said lot as usufructuary since 1938, that the Municipal Assembly of Gurabo has done nothing else than to ratify the concession of the usufruct of the said lot already granted and that she fails to see the necessity of the intervention of the Planning Board.

At the request of the Planning Board itself, we granted it leave to intervene as *amicus curiae* and said Board is of the opinion that the decision of the Registrar should be affirmed.

If the usufruct of the lot had been granted prior to September 5, 1944, the date on which the Subdi-

vision Regulations adopted by the Planning, Urbanizing, and Zoning Board of Puerto Rico became effective, the segregation would be recordable notwithstanding the failure to comply with such regulations. *Matos* v. *Planning Board*, 66 P.R.R. 417, and *Sepúlveda* v. *Registrar*, 64 P.R.R. 428. The municipal assembly may grant lots in perpetuity for the construction of houses thereon. Section 70 of Act No. 53 of April 28, 1928 (Laws of 1928, p. 334). The difficulty in this case lies, however, not in that the assembly is not empowered to do what it did, but in that from the ordinance approved by it, there does not appear the date on which the usufruct of the above lot was granted to the petitioner. The document subscribed by the municipal Mayor has no value, since in accordance with the above-mentioned Municipal Act, the municipal secretary is the person who should certify the ordinances adopted by the assembly and the one who is in charge of the general file of the municipality. The municipal secretary is, therefore, the one who should issue certified copies of the ordinances adopted by the municipal assembly, as well as of any documents under his custody. See § 70 of the Law of Evidence.[1] The certificate issued by the Mayor was, consequently, void. From the certified copy of the ordinance subscribed by the municipal secretary there only appears the date on which the ratification of the grant of the usufruct of the lot involved herein was approved, but not, we repeat, the date on which the original concession thereof took place. The fact that a ratification can not exist without a previous grant does not necessarily mean that the original grant was made prior to September 5, 1944 and, hence, that the Subdivision Regulations were not applicable thereto. The original grant could of course have taken place prior to October 24, 1944, but there is no indication that it did not occur subsequently to September 5 of that same

---

[1] Section 70 of the Law of Evidence provides:

"A public record of a document may be proved by the original record, or by a copy thereof certified by the legal keeper of the record."

year. *Rodríguez* v. *Registrar*, 66 P.R.R. 727, 731. In this last case the Subdivision Regulations would be applicable to the segregation sought and the law does not confer upon the Registrar any discretion as to whether he may exempt any person from the obligations imposed by the Act or the Regulations. *Rivera* v. *Registrar*, 64 P.R.R. 440, 444.

Since it has not been shown that the grant of the usufruct of the lot was made before the Subdivision Regulations became effective, the decision appealed from must be affirmed.